IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Larone F. Elijah, | ) | Case No.: 9:20-cv-03040-JD-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER & OPINION** |
| Bryan K. Dobbs, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Molly H. Cherry made in accordance with § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] Larone F. Elijah ("Petitioner" or "Elijah"), a federal inmate incarcerated at the Federal Correctional Institution ("FCI") Williamsburg and proceeding pro se, petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241 against Bryan K. Dobbs ("Respondent" or "Dobbs") arising out of Elijah's violation of supervised release and new criminal charges stemming from the same violation.[2]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] On October 25, 2007, Elijah was sentenced in the United States District Court for the Eastern District of North Carolina, case number 7:07-CR-10-1-D, to a 108-month term of confinement and a five-year term of Supervised Release for drug relate offenses. (DE 18, p. 1.) After Elijah satisfied the 108-month term of confinement on May 23, 2014, he was released from the Federal Bureau of Prisons' ("BOP") custody and began his five-year term of Supervised Release. However, on July 10, 2015, Elijah was arrested by federal authorities for a second set of drug charges, and on March 7, 2017, was sentenced in the United States District Court for the Eastern District of North Carolina, on case number 4:15-CR-70-1-D, to a second 108-month term of confinement. (DE 18, p. 2.) Additionally, during the interim period between Elijah's second sentence and second arrest, Elijah's Supervised Release term in his first case number 7:07-

1

Elijah filed the present petition contending that: 1) the BOP erred in failing to credit him for the fourteen months he spent on Supervised Release in case number 7:07-CR-10-1-D.; 2) the BOP incorrectly found that he could not be awarded additional Good Conduct Time ("GCT") credit under the First Step Act ("FSA") for his original 108-month term of confinement in case number 7:07-CR-10-1-D; and 3) 18 U.S.C. § 3583(e)(3) is unconstitutional pursuant to United States v. Haymond, 139 S. Ct. 2369 (2019).  (DE 18, p. 5-6.)  Dobbs filed the present motion for summary judgment seeking to dismiss Elijah's petition because Elijah is not entitled to any credit for time spent on Supervised Release and he is not entitled to additional GCT credit under the FSA.  The Report recommends granting Dobbs' motion for summary judgement because the BOP correctly calculated Elijah's credit and GCT, and Haymond did not invalidate 18 U.S.C. § 3583(e)(3).  For the following reasons, the Court adopts the Report.

Although Elijah raises several objections, to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

CR- 10-1-D was revoked on August 17, 2015, for his second set of drug offenses, and he was sentenced to a thirty-six-month term of confinement for the Supervised Release violation.  (DE 18, p. 2.)

2

Upon review, the Court finds that Elijah made three objections; however, each objection is nonspecific.[3] Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation (DE 18) and incorporates it herein, and grants Dobbs' motion for summary judgement.

It is therefore **ORDERED** that Defendant's motion for summary judgment (DE 8) is granted; and therefore, Plaintiff's Complaint is dismissed. Further, it is ORDERED that a certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Beaufort, South Carolina
August 23, 2021

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] First, Elijah objects to the Report contending he was in official detention for fourteen months while on Supervised release and he claims United States v. Haymond requires his 14 months of supervised release time be calculated as "official detention". However, Elijah offers no specifics as to how the case applies here. (DE 20, pp. 1-2.) Second, Elijah objects to the Report contending he is entitled to additional GCT credit because his original sentence and subsequent revocation in case number 7:07-CR-10-1-D should be combined and considered one sentence. (DE 20, pp. 2-3.) Lastly, Elijah objects to the Report contending Haymond invalidates 18 U.S.C. 3583(e)(3). (DE 20, p. 3.) As the Report has addressed all of Elijah's objections, the Court finds these objections to be nonspecific because Elijah is attempting to reargue his case. See Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) ("Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review.")